**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.  ROOM 2042
NEWARK, NJ 07102
973-645-3827

**Not for Publication**

OPINION AND LETTER ORDER

January 9, 2012

**VIA CM/ECF**
All counsel of record

Re:   Kearney Partners Fund, LLC v. United States of America
      Civil Action No. 11-5095 (SRC)

Dear Counsel:

This matter comes before the Court by way of Defendant United States of America's (the "Government" or "Defendant") Motion to Compel Wilentz, Goldman & Spitzer, PA ("Wilentz"), to produce a document pursuant to Federal Rules of Civil Procedure 37 and 45. (Docket Entry Number ("Doc. No.") 1-1 ("Def.'s Moving Br.") 1.) The document in question is a letter dated November 9, 2001 (hereinafter "Communication") addressed to Mr. and Mrs. Raghunathan Sarma (collectively, "Mr. Sarma") from their attorney Steven Marshall of Wilentz. (Def.'s Moving Br. 1, 5.) The issue before this Court is whether the Communication in question is privileged pursuant to either the attorney-client privilege or the work-product doctrine as asserted by Wilentz. The Court has carefully considered the Parties' submissions and has conducted an *in*

*camera* review[1] of the Communication, and for good cause shown, Defendant's Motion to Compel is denied without prejudice.

## I. Background

The Government seeks to enforce a subpoena issued in connection with five consolidated actions currently pending in the Middle District of Florida[2] against Nebraska Partners Fund, LLC ("Nebraska"), Lincoln Partners Fund, LLC ("Lincoln"), and Kearney Partners Fund, LLC ("Kearney") (collectively, "FOCus partnerships" or "Plaintiffs"). (Def.'s Moving Br. 1-2.) The Internal Revenue Service ("IRS") examined the returns filed for certain periods in 2001 by the FOCus partnerships, and "determined, *inter alia*, that these partnerships were all formed and availed as part of an abusive tax shelter through which an individual taxpayer, [Mr. Sarma], sought to artificially generate . . . a capital loss of more than $77,000,000." (*Id.* at 2.) Defendant asserts, and no Party has disputed, that Mr. Sarma claimed the tax loss generated by the shelter on his individual tax return. (*See* Def.'s Moving Br. 1; Doc. No. 5 ("Pl.'s Opp'n Br.") 1.)

After the IRS conducted an audit of the returns filed by the FOCus partnerships, the IRS proposed adjustments to the partnership returns that effectively disallowed the loss claimed by Mr. Sarma. (Def.'s Moving Br. 1.) The consolidated actions were then filed in the Middle District of Florida by Plaintiffs to challenge those adjustments. (*Id.* at 1-2.) On or about August 10, 2011, the IRS served Wilentz with a broad subpoena seeking production of all documents generated or received by Wilentz relating to the investments at issue in the underlying consolidated litigation. (Pl.'s Opp'n Br. 1.) Wilentz uncovered two responsive documents,

---

[1] On October 25, 2011, this Court ordered Wilentz to produce the Communication for an *in camera* review. (Doc. No. 8.)

[2] Civil Action Number 2:10-cv-153-CEH-SPC and consolidated cases.

produced one to the IRS and withheld the other document on grounds of attorney-client privilege and the work-product doctrine. (*Id.*)

## II. Legal Standard and Analysis

### A. The Communication is Protected Under the Attorney-Client Privilege

The attorney-client privilege shields access to information such as representation itself and the substance of attorney-client communications. *In re G-1 Holdings, Inc.*, 218 F.R.D. 428, 431 (D.N.J. 2003). The elements necessary to establish the existence of the attorney-client privilege are: "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made" is a member of the bar of a court, or his or her subordinate and acted as an attorney in connection with the communication; (3) the communication was for the purpose of securing legal advice; and (4) the privilege has been claimed and not waived by the client. (*Id.*) The Third Circuit has made it clear that only the client is the holder of the attorney-client privilege and only the client may waive such privilege. *Haines v. Liggett Grp., Inc.*, 1992 U.S. App. LEXIS 21069, *25 (3d Cir. 1992). Additionally, "[a]lthough the privilege belongs to the client, and only the client may waive it, an attorney may assert the privilege on the client's behalf." McCormick on Evidence § 92 (John W. Strong 4th ed. 1992).

However, when a party cites legal representation as an affirmative defense to a claim, that party puts the advice "at issue" and waives the attorney-client privilege. *In re Human Tissue Prods. Liab. Litig.*, 255 F.R.D. 151, 159 (D.N.J. 2008) (citing *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975)). To determine whether there has been an "at issue" waiver, there are several factors that courts have considered: (1) [whether the] "assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) [whether] through this affirmative act, the asserting party put the protected information at issue by making it relevant to

the case;" and (3) the opposing party would be denied vital information to his defense with the application of the privilege. (*Id.*)

Here, there is no dispute that the holder of the attorney-client privilege is Mr. Sarma, and that Steven Marshall was an attorney with Wilentz at the time the Communication was issued. However, there is a dispute as to whether Mr. Marshall was acting as an attorney or a tax advisor when the Communication was issued. After performing an *in camera* review of the Communication, the Court finds that Mr. Marshall was providing legal advice on the potential tax treatment of various elements of the transaction pertaining to the FOCus partnerships that could give rise to litigation. Thus, the attorney-client privilege does apply to the Communication in question. Although the Court has found that the attorney-client privilege exists, the analysis must continue to determine whether the privilege has been waived.

Defendant argues that Mr. Sarma, through Plaintiffs, waived the attorney-client privilege because he "allowed plaintiffs to (1) affirmatively place the advice of counsel at issue in this litigation, and (2) [previously] voluntarily disclose[d] some purportedly confidential communication on the same subject matter." (Def.'s Moving Br. 6.) While Defendant acknowledges that a third party cannot waive another person's privilege, it asserts that there is a sufficient "identity of interest[]"[3] between Mr. Sarma and Plaintiffs, that Plaintiffs effectively waived the attorney-client privilege for Mr. Sarma. (Doc. No. 6 ("Def.'s Reply Br.") 3; Def.'s Moving Br. 6.)

Conversely, Wilentz asserts that Plaintiffs' "statements cannot operate to waive a privilege that they do not hold" because Mr. Sarma is not a party to the underlying matter. (Pl.'s Opp'n Br.

---

[3] According to Defendant, Mr. Sarma "directly owns a 99% interest in both Nebraska and Lincoln," and the remaining 1% is held by Sarma Administrative Services, of which Mr. Sarma is the president and treasurer, as well as the sole shareholder. (Def.'s Reply Br. 3.)

4

3.) Wilentz further argues that Plaintiffs "have no intention of relying on the advice of Wilentz to support their claims" in the consolidated litigation. (*Id.* at 4.) Thus, Wilentz contends that the attorney-client privilege could not have been waived by Plaintiffs.

While Defendant's argument is persuasive on the surface, the Court finds that the three-part "at issue" test has not been satisfied. Indeed, Mr. Sarma is the asserting party; however, as he is not a party to the underlying action[4], his assertion is not the "result of some affirmative act," as required by the first prong of the test. *In re Human Tissues Prods. Liab. Litig.*, 255 F.R.D. at 159. While there may be a relationship[5] between Mr. Sarma and Plaintiffs, the Communication was addressed directly to Mr. Sarma from his attorney, not to Nebraska, Lincoln, or Kearney, and delivered to what appears to be a personal home address. From a plain reading of the Communication, it is purely an opinion on gains and losses of possible investments that could give rise to litigation. Additionally, there is no mention of Plaintiffs in the Communication. As the "at issue" test is conjunctive, the Court need not consider the second or third prongs. Thus, the Court finds that as Mr. Sarma is not a party to the underlying litigation, he could not have asserted the privilege through some affirmative act.

---

[4] The first element of the "at issue" waiver of the attorney-client privilege hinges on whether the holder is a party to the action being litigated. Both Parties briefly mention I.R.C. § 6226 as supportive of their differing positions as to whether Mr. Sarma is a party to the matter being litigated in the Middle District of Florida. However, neither Party briefs the matter thoroughly enough to allow the Court to specifically consider and address I.R.C. § 6226 in this opinion.

[5] Defendant uses the legal term "identity of interest" in reference to the relationship between Mr. Sarma and Plaintiffs, however, Defendant does not include any case law to support the use of the legal term "identity of interest." (Def.'s Reply Br. 3.) Defendant cites *Lugosch v. Congel*, 2006 WL 931687, at *20, *adopted in part and rejected in part*, 2006 WL 6651777 (N.D.N.Y. 2006), as supportive of its position that Plaintiffs can waive the privilege for Mr. Sarma. However, the Court does not find Defendant's arguments persuasive. While *Lugosch* does state that general partners are empowered to bind the partnership, the case does not purport to opine that the partnership can waive the attorney-client privilege asserted by a partner in his individual capacity. *See generally Lugosch*, 2006 WL 931687, at *20.

The Court is also not persuaded by Defendant's argument that Mr. Sarma voluntarily disclosed other documents, which effectively waived his privilege as to this specific Communication. The Third Circuit has held that "[i]f partial waiver does disadvantage the disclosing party's adversary by, for example, allowing the disclosing party to present a one-sided story to the court, the privilege will be waived as to all communications on the same subject." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1426, n. 12 (3d Cir. 1991). Defendant makes no argument to explain to the Court how it has been disadvantaged by the non-disclosure of the letter drafted by Wilentz in relation to the documents that were previously disclosed by Plaintiffs.

### B.     The Communication is Protected Under the Work-Product Doctrine

Under Federal Rule of Civil Procedure 26(b)(3), the work-product doctrine shields the disclosure of certain documents prepared in anticipation of litigation. Fed. R. Civ. P. 26(b); *see also In re Grand Jury Proceedings*, 604 F.2d 798, 801 (3d Cir. 1979). When determining if a document was prepared in anticipation of litigation, the relevant inquiry is "whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1258 (3d Cir. 1993) (citing *U.S. v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d Cir. 1990)). However, "'[l]itigation need not be imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.'" *Rockwell Int'l*, 897 F.2d at 1266 (quoting *U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982)).

The work-product doctrine clearly precludes the protection of documents created in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for any

non-litigation purpose. *Rockwell Int'l*, 897 F.2d at 1266. Additionally, disclosure of attorney work-product may be permitted if "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). This Court, however, "must protect against [the] disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

Here, Defendant argues that the Communication in question is not afforded protection under the work-product doctrine because it was prepared solely for business related reasons. (Def.'s Moving Br. 13.) Moreover, Defendant asserts that Wilentz has presented no evidence that the Communication was in anticipation of litigation. (Def.'s Moving Br. 13; Def.'s Reply Br. 10.) However, contrary to Defendant's assertion, Wilentz does argue that the Communication is protected and privileged under the work-product doctrine. (Pl.'s Opp'n Br. 9.) Wilentz asserts that because the investment program was aggressive in nature, "Mr. Sarma anticipated the possibility of litigation with the IRS" at the time the Communication was created. (*Id.* at 11.)

Hence, even if the Communication was not protected by the attorney-client privilege, it would remain shielded from discovery by the work-product doctrine. Considering "the nature of the document and the factual situation," it is clear that the Communication was intended to inform Mr. Sarma about the complexity of the proposed investment that could lead to legal exposure because of its aggressive nature. *Martin*, 983 F.2d at 1258. While the Communication may not have been prepared in anticipation of imminent litigation, the motivating purpose behind the creation of the Communication was to aid in possible future litigation. Accordingly, the Court finds that the Communication is also protected by the work-product doctrine.

### III.   Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ORDERED that Defendant's Motion to Compel is **DENIED** without prejudice.

_____
**HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE**